ROGER W. MOWRY *vs.* JEREMIAH SHUMWAY.

A note on which the interest is payable quarterly at the legal rate, is not usurious.

WRIT OF ERROR from a judgment of the Superior Court in Windham County. The original action, which was brought by the defendant in error, was assumpsit on a note, and was tried to the court before *Carpenter, J.* The note was for $1,650, was dated July 31, 1873, and was payable in three years, with interest payable quarterly at the rate of seven per cent. per annum. The defendant pleaded the general issue with notice of usury. The suit was brought before the principal of the note was due and for interest only, and the court rendered judgment for the full amount of the interest in arrear. By statute at the time the note was given seven per cent. per annum was lawful interest, and all interest was forfeited if usurious interest was reserved or taken.

*T. E. Graves* and *J. M. Lyon,* for the plaintiff in error.

*H. Johnson,* contra.

GRANGER, J. We think it clear, upon principle and author-

ity, that there is no foundation for the claim made by the plaintiff in error. The interest reserved in the note was the legal rate according to the statute then in force, and the fact that the defendant agreed to pay the interest quarterly could not make the interest usurious. The whole interest on the note would amount to $115.50 per year. One quarter of it would be $28.87, and of course at the end of the year the defendant would only have paid $115.50; and although it might be true that the plaintiff, by putting the quarterly payments at interest, might thereby make the whole amount received more than seven per cent. at the end of the year, yet it makes no difference with the defendant. He pays only seven per cent. in the whole. We see no reason why he should complain, and we think the cases of *Bridgeport* v. *Housatonic R. R. Co.*, 15 Conn., 503, *Rose* v. *Bridgeport*, 17 Conn., 247, and *Brooks* v. *Holland*, 21 Conn., 388, fully sustain our opinion.

There is no error in the judgment complained of.

In this opinion the other judges concurred.