**AMERICAN TRUST CO. et al. v. ORSON et ux.**

No. 2895.

Court of Civil Appeals of Texas. El Paso. Nov. 29, 1933.

Rehearing Denied Dec. 14, 1933.

J. M. Caldwell, of Midland, for appellants.

G. W. Dunaway, of Midland, for appellees.

PELPHREY, Chief Justice.

Appellee and his wife, Sallie Teressa Orson, on October 1, 1928, executed twenty promissory notes payable to the American Trust Company. Notes 1 to 19, inclusive, were for $200 each and payable one each six months beginning on May 15, 1929. Note No. 20 was for the sum of $4,200 and was payable on November 15, 1938. These notes were secured by a deed of trust on certain property belonging to Orson and wife in the town of Midland, Tex. The notes carried 6 per cent. interest evidenced by interest coupons attached thereto.

On the same date Orson and wife executed an installment note in the sum of $1,240, payable to the American Trust Company. A second deed of trust was executed by them securing this note. The second deed of trust contained the following provisions pertinent to the questions involved on this appeal:

"This Deed of Trust is made subject to a prior Deed of Trust of even date, given to H. W. Gee, as Trustee, securing twenty principal notes aggregating $8,000.00 payable to the order of the American Trust Company.

"And it is understood and agreed that the note secured hereby is given for a part of the interest on said principal note or notes, and that the beneficiary herein, its successors, and assigns, shall have as additional security for the indebtedness evidenced hereby, all the rights of subrogation stipulated in the aforesaid First Deed of Trust, subject, however, as above provided, to the rights of the holders of the indebtedness secured by said First Deed of Trust. * * *

"But if any option of prepayment, provided for in said First Mortgage, is exercised, then the whole sum of money hereby secured shall become due and payable at the election of the holder thereof, and if default should be made in the payment of any installment of the note above described, or if default should be made in the compliance with any of the terms or conditions of said First Mortgage, then the whole sum of money hereby secured and legally collectible, shall become due and payable at the election of the holder thereof, without notice of said election to the undersigned. * * *"

The principal notes were later transferred to the Fidelity Union Casualty Company.

On April 3, 1933, Orson and wife filed this suit against the American Trust Company, the Fidelity Union Casualty Company, and Claude O. Crane, seeking to restrain them from making sale of the property under the powers granted in the deeds of trust.

The trial court, without a hearing, granted the injunction until a final hearing.

As a ground for the restraining order, appellees pleaded that the execution of the notes above described and the two deeds of trust constituted one transaction; that under the provisions thereof the transaction was usurious, and that a proper application of the interest payments and penalty precluded the maturity of any unpaid note in the series; and that the action of the trustee was therefore premature.

American Trust Company filed a general demurrer and special exceptions. Fidelity Union Casualty Company also demurred generally and specially and further pleaded the ownership of the principal series of notes to be in Fidelity Union Life Insurance Company, and that it was a necessary party. In an amended petition appellees itemized certain payments alleged to have been made on principal and interest and made Fidelity Union Life Insurance Company a party defendant. Fidelity Union Life Insurance Company answered by a general denial, and specially denied that the contract was usurious, pleaded certain clauses from the notes and deeds of trust and that payments of in-

terest of more than two years standing could form no basis of recovery against it, nor could payments made to its codefendants form such basis. It also, by way of cross-action, declared on all except four of the notes in the main series, and alleged breach of covenants both to pay taxes and keep the property insured.

American Trust Company brought no cross-action on the second lien note, and the Fidelity Union Casualty Company answered by general demurrer, special exception, general denial, and special answer as to items barred.

Appellees, by supplemental petition, again pleaded the usurious character of the contract, denied that any of the principal amounts were due, admitted the nonpayment of taxes and failure to keep property insured, but alleged that a foreclosure was unauthorized. Claude O. Crane made no answer.

In a trial before the court, judgment was rendered perpetuating the injunction as against Crane, canceling the note for $1,240, together with the deed of trust securing it, canceling the interest provisions in the first series of notes and the deed of trust securing them, and for $626 as penalty against American Trust Company, Fidelity Union Casualty Company, and Fidelity Union Life Insurance Company. Judgment was also rendered that Fidelity Union Life Insurance Company take nothing on its cross-action, but allowed it the payment made on the insurance premium, and added that amount to note No. 17.

From this judgment all the defendants except Crane have appealed.

Appellants' first three assignments attack the holding of the trial court that the contracts when construed together were usurious in character, and in rendering judgment to that effect.

Their propositions, under these assignments, are: (1) That, where there is a conflict between different provisions of a contract or where the language of an entire contract is ambiguous, the expression used in the first clause will control; (2) that if a contract, which it is claimed forms the basis for usurious interest, is ambiguous, it should be construed against the finding of usurious interest; and (3) that the contracts involved, if construed in conformity with the above propositions, are not tainted with usury.

■ It is expressly admitted by appellees that, as to the series of twenty notes and the deed of trust securing them, there is no usury, but they contend that the installment note and deed of trust securing it present a question identical with the one involved in the case of Shropshire v. Commerce Farm Credit Company, 120 Tex. 400, 30 S. W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269.

They present in their argument the following illustration: "Assuming that at the expiration of the first six months when the first semi-annual payment became due appellees made default in the principal note, under the writings quoted above what could the holder of the note collect? * * * under the writings in this case, which are not susceptible to any other construction, the holder of the notes could recover the $8,000.00 principal, 6 per cent on the first lien note for six months, $240.00, and the total amount of the second lien note, $1,240.00, making the total amount that could be recovered $9,480.00, exactly $1,080.00 more than the law would permit."

Appellants, on the other hand, contend that, by virtue of the expression, "legally collectible," in the clause above quoted, and the concluding recital in the second lien deed of trust that the second lien note is made and executed under, and is to be construed in accordance with the laws of the state of Texas, appellants became entitled, upon default by appellees, to collect only such portion of said second lien note as would not exceed the lawful rate of interest.

If the words "legally collectible" are to be given any effect, then it must have been the intention of the parties that only such amount should be collected on the note, in case default occurred, as was permitted by the usury statutes (see Rev. St. 1925, art. 5069 et seq.). This, it seems to us, evidenced an intention that usurious interest should not be collected, and supports the contention of appellants. This position is supported by the further provision that the installment note was executed under, and was to be construed in accordance with, the laws of the state.

■ If we are not correct in holding that those expressions clearly evidence such an intention, they are at least sufficient to raise a doubt as to the intention of the parties.

That being true, then it becomes our duty to give to the language used the construction which will render the contract legal, rather than illegal.

Having reached the conclusion that the contracts are not usurious, the judgment of the trial court must be reversed, and, if the case has been fully developed, judgment in favor of appellant Fidelity Union Life Insurance Company on its cross-action should be here rendered.

It appearing that the cause has been fully developed, and that appellees have admitted in their pleadings a failure to comply with the provisions of the first deed of trust, the judgment of the trial court is reversed, and judgment here rendered in favor of the Fidelity Union Life Insurance Company on its cross-action for the unpaid principal of the fifteen $200 notes and the $4,200 note, together with accrued interest thereon, and

that the deed of trust lien on the property described in the deed of trust be foreclosed; that the judgment against the American Trust Company canceling the second lien note for $1,240 and discharging the deed of trust lien securing same be set aside; that the injunction restraining all defendants be and is dissolved except as to Claude O. Crane, substitute trustee, and as to him it is not disturbed.

HIGGINS, J., did not sit in this case.