**SHIVE et ux. v. BRANIFF INV. CO. et al.**

**No. 4141.**

Court of Civil Appeals of Texas. Amarillo.
Jan. 29, 1934.

Rehearing Denied Feb. 26, 1934.

J. Shirley Cook and Harry Mason, both of Vernon, for appellants.

Harrell & Allison, of Breckenridge, for appellees.

MARTIN, Justice.

Appellants executed and delivered certain notes hereinafter particularly described, and at the same time executed and delivered as security therefor a trust deed on certain property in Wilbarger county. Having defaulted in the payment of installments thereafter coming due, the trustee, acting under authority of said trust deed, advertised appellants' property named in said instrument for sale, and was proceeding with a foreclosure according to the terms of said instrument when appellants procured from the district court a temporary injunction restraining the said sale upon the alleged ground that the contract between the parties was usurious. Upon final trial the district court dissolved said temporary injunction, holding in substance and effect that there was no usury in the contract, which ruling presents the legal issue for our determination on this appeal.

That portion of said trust deed deemed material is in the following language:

"If the said Rubye Thomas Shive, and H. D. Shive, her husband, shall well and truly pay off and discharge, at the maturity thereof, according to the tenor and effect thereof, two promissory notes made by Rubye Thomas Shive and H. D. Shive, payable to the order of Braniff Investment Company, a corporation, and described as follows:

"One promissory note of $4200.00, dated May 15, 1926, payable in 108 successive monthly installments of $56.39 each, one subordinated note of $274.32, dated May 15, 1926, payable in 108 successive monthly installments of $2.54 each, with interest thereon from date until paid, said interest payable as it accrues at the office of Braniff Investment Company, Oklahoma City, Oklahoma, then this conveyance shall become null and void. * * *

"But in case of default or failure to make prompt payment of said indebtedness, or any part thereof, principal or interest, as the same shall become due and payable, * * * then and in that event the said trustee is hereby authorized and empowered * * * to sell the above described property to the highest bidder for cash * * * and to receive the proceeds of said sale and apply the same as follows: * * * Second, to the payment rateably of said notes then un-

paid principal and accrued interest (it being understood that when default shall be made in the payment of any of said notes, or any installment of interest on said notes, or a failure to pay any state, county or city taxes assessed upon said property, after the same by law becomes delinquent, all other shall become at once due and payable at the option of the holder or holders thereof)."

The two notes are in the following language:

"$4,200.00    Texas Note—Secured by Real Estate Deed of Trust.

"For value received, I, we, and each of us, jointly and severally promise to pay the Braniff Investment Company, a corporation, or bearer, at the office of Braniff Investment Company, Oklahoma City, Oklahoma, (or at such place as may be designated by the holder for the time being of this note) the principal sum of Forty-two-hundred and no/100 Dollars, the same being money actually loaned together with interest thereon, and to pay the same in installments payable on the 15th day of the next ensuing and each and every successive month until 108 successive monthly installments have fallen due, each installment to be in the sum of $56.39: The payment of all said installments by the payment of each on its due date without default and without prepayment shall be payment in full of the principal and interest evidenced hereby.

"All installments shall bear interest at ten per cent (10%) per annum from the date due.

"Provided further, if three installments herein provided to be paid shall become delinquent, or if the holder become entitled to foreclose the deed of trust securing this note for any reason, in either event the holder hereof shall have the option to and may declare the entire debt evidenced by this note immediately due and payable without notice, and may proceed to immediately collect the same, and it is agreed that by reason of said default upon the exercise of said option the interest on said loan shall be ten per cent, and the balance due of principal and interest shall be arrived at as follows: each payment theretofore made hereon shall be accredited as of the date it is received by the holder hereof on the sum of the then balance and accrued interest thereon. * * *"

"For value received, I, we, and each of us, jointly and severally promise to pay to the order of Braniff Investment Company, a corporation, or bearer, at its office in Oklahoma City, Oklahoma, the principal sum of Two-Hundred-Seventy-Four and 32/100 Dollars ($274.32), the same to be paid in one-hundred-eight (108) equal installments of two and 54/100 Dollars ($2.54) each, payable on the fifteenth day of the next ensuing and each and every successive month until the total number of said installment[s] have fallen due. All installments shall bear interest from maturity at the rate of ten per cent (10%) per annum.

"This is one of two notes of even date herewith between the parties hereto, secured by real estate Deed of Trust and the lien of this note is junior to the lien of the other of the said two notes."

No interest rate from date is specifically named in said instruments, it appearing that the final and total amount of the principal and interest to become due was incorporated in the face of the installment payments. It conclusively appears that the total amount of these installments, if paid according to their face until maturity, would not include any usurious interest. It was proven, and is not denied, that the interest rate on the loan to maturity figured less than 10 per cent.

It is contended, however, that, viewing the transaction as a whole, and giving effect particularly to the stipulation in the trust deed quoted in parenthesis above, the contract shows upon its face to be usurious.

We are of the opinion that the trial court correctly rendered judgment against appellants, and the reasons we give for this conclusion will sufficiently, we think, answer the various contentions of appellants without consuming space in their reproduction.

■ The instruments quoted from constitute the contract between the parties. They evidence the consummation of a single transaction, and must be construed together. 10 Tex. Jur. § 166. We must be able to say from these that the parties to same intended to enter into an illegal contract for the payment of interest in excess of 10 per cent. per annum upon the contingency of default in the payment of certain installments as therein specified. The note constitutes the obligation to pay, the trust deed the security for same. If we sustain appellants' theory, what are we to do with the plain unequivocal stipulation of the $4,200 note providing in case of default and maturity of payment that then "the interest on said loan shall be ten per cent"? If the parties intended to collect both notes, or all installments as written, why insert the provision quoted and the one immediately following it, providing a method of calculation which plainly shows

an intent to collect only the legal rate in case maturity is accelerated? One stipulation of the trust deed is: "To the payment rateably of said notes then unpaid principal and accrued interest." This is immediately followed by the clause in parenthesis which furnishes the chief basis for appellants' theory. It is: "(It being understood that when default shall be made in the payment of any of said notes, or any installment of interest on said notes, or a failure to pay any state, county or city taxes assessed upon said property, after the same by law becomes delinquent, all other shall become at once due and payable at the option of the holder or holders thereof.)"

The clause is apparently, but we think not necessarily, in conflict with the two already discussed. Imputing to the parties an intention to make a legal contract, construing the instruments together as one, and giving effect to specific, as against somewhat general and vague, provisions, we have no difficulty in reaching the conclusion that the contract in question is untainted by usury. Simply stated, we construe it as a whole to provide for the payment of interest at slightly under 10 per cent. per annum, if the contract runs to maturity, and exactly 10 per cent. if it is matured earlier than its due date. The inference that unearned or unaccrued interest was to be paid upon the contingency of default is not a fair one. Instead, the words "accrued interest" are used, and 10 per cent., not upon any specific note or amount, but upon the "loan," is specifically provided for in case of an accelerated maturity. Whether we call the smaller note principal or interest or in part both seems immaterial, since its payment upon acceleration would be governed by the specific provisions for the payment of only 10 per cent. interest on the "loan." That this might result in the cancellation of all or a part of its unpaid installments in order to make effective the stipulation for 10 per cent. on the "loan" does not seem to us to be of controlling effect. We cite the case of Clement v. Scott (Tex. Civ. App.) 60 S.W.(2d) 258 (writ ref.), where a stipulation of a trust deed practically identical with the present one was held to not render a contract usurious. See, also, American Trust Co. v. Orson (Tex. Civ. App.) 65 S.W.(2d) 779.

As sustaining both our conclusion and our reasoning herein, we quote from the authorities as follows:

" 'All written instruments whereby a single transaction is consummated are to be taken and construed together. So, instruments executed at the same time or contemporaneously, or for the same purpose, and in the course of the same transaction, are to be construed as one instrument, and are to be read and construed together.' 10 Tex. Jur. § 166. And, if there be inconsistencies and conflicts, they should be construed together so as to give effect to the intention of the parties as collected from the whole contract. Harrison Bldg. & Loan Co. v. B. F. Dittmar Co. (Tex. Civ. App.) 4 S.W.(2d) 1038. And one provision in a contract should not be taken alone and a presumption raised upon it at variance with the other provisions of the contract. Fink v. Brown (Tex. Com. App.) 215 S. W. 846. Especially so of a reference clause where such presumption would be in conflict with the expressed intention of the parties stated in the contract on the same subject-matter. That construction invalidating the contract will not be favored when its terms are as fairly susceptible of evidencing a legal purpose. 10 Tex. Jur. § 181." Clement v. Scott (Tex. Civ. App.) 60 S.W.(2d) 258, 260.

"If the transaction was such as to render the intention of the parties doubtful, the court would adopt that construction which would attribute to them a legal intention." Galveston & H. Inv. Co. v. Grymes, 94 Tex. 609, 63 S. W. 860, 861, 64 S. W. 778; Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W. (2d) 11, 12, 84 A. L. R. 1269; American Trust Co. v. Orson (Tex. Civ. App.) 65 S.W. (2d) 779.

"If the contract between these parties contained no language other than that, if default was made in the payment of any installment of interest, the principal of the note, 'with interest,' should be collectible at the creditor's option, then such language would be fairly susceptible of the meaning that unearned interest was to be abated." Shropshire v. Commerce Farm Credit Co., supra. See, also, Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 1026, 12 L. R. A. 93, 23 Am. St. Rep. 332.

"The bonds being the principal thing containing the obligation of the company, and the mortgage a mere security to insure the performance of that obligation the terms of the bonds should control." Indiana & Ill. Cent. R. Co. v. Sprague, 103 U. S. 756, 761, 26 L. Ed. 554.

In the instant case, it is claimed that the terms of the trust deed and that of the $4,200 note are in conflict. Admitting the correctness of this contention, we see no

reason to doubt that the last quotation from the United States Supreme Court announces a rule of construction which justifies us in holding that the terms of the note would control. Particularly so where such terms are certain and specific and evidence clearly an intention to furnish a basis for calculation of interest at 10 per cent. upon the happening of the very contingency present in this case. There is no specific provision in the trust deed for the payment of unearned interest in the case of accelerated maturity, but instead the language used on this subject is "unpaid principal and accrued interest."

We find no evidence which would necessarily require a finding that the parties to this contract had given it a construction making it usurious, as suggested by appellants. Moreover, such construction, if it existed, would be immaterial if the meaning of the contract is plain. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 13, 84 A. L. R. 1269.

The judgment is affirmed.

HALL, C. J., not sitting.