### EUBANKS et ux. v. SIMPSON et al.
### No. 4567.

Court of Civil Appeals of Texas. Amarillo.
Jan. 13, 1936.

Rehearing Denied Feb. 10, 1936.

Jno. A. Coffee, of Hereford, for plaintiffs in error.

Simpson, Dorenfield, Foster & Fullingim, of Amarillo, for defendants in error.

MARTIN, Justice.

The parties will carry here their trial court designation.

Plaintiffs sued defendants, alleging the hereafter described loan contract was usurious, sought to have all interest payments made thereon credited on the principal, and to cancel the trust deed given as security therefor, and to remove cloud from title.

Trial was to the court. Judgment for defendants.

On August 26, 1926, plaintiffs executed their note, secured by a trust deed, for the sum of $1,500, payable in 120 monthly installments of ·$18.75 each, to Braniff Investment Company. This note, except as to date, amount, and name of parties, is precisely identical in all its terms with the $4,200 note construed and copied in full in the case of Shive v. Braniff Inv. Co. (Tex.Civ.App.) 68 S.W.(2d) 564, 565. The trial court correctly construed the present contract as evidencing no intent to charge usury, as we did in the Shive Case supra, and as the Supreme Court likewise did in the later case of Braniff Inv. Co. v. Robertson, 124 Tex. 524, 81 S.W.(2d) 45, 100 A.L.R. 1421.

The proof shows here that plaintiffs received only $1,430, $70 being deducted from the face of the loan for a "commission and title fee." It is claimed that this one fact distinguishes the case at bar from those just cited, and that Adleson et ux. v. B. F. Dittmar Co., 124 Tex. 564, 80 S. W.(2d) 939, rules this case. In the Dittmar Case the amount actually received was treated as the real principal. Here $1,430 was the sum received. Treating this as the real principal, the interest on such sum, according .to the face of the contract, figures .0984 ˉper cent. per annum. If accelerated, the note provides that "the interest on said loan shall be 10%." In the Dittmar Case, a similar payment was applied to reduce the principal, but if we call the said $70 interest, and add it to the total of all other interest payments, the contract still .draws less than 10 per cent. per annum, if allowed to run to maturity. We quote:

"The law limits the compensation that may be charged and received for the use and detention of money to 'not exceeding ten per cent per annum on the amount of the contract.' * * *

"If the contract for the use and detention of the principal debt is not a sum greater than such debt would produce at 10 per cent. per annum from the time the borrower had the use of the money until it is repaid, it is not usurious. Galveston & H. Inv. Co. v. Grymes, 94 Tex. 609, 63 S.W. 860, 64 S.W. 778." Southern States Mort. Co. v. Lykes (Tex.Civ.App.) 85 S.W.(2d) 780, 783, writ ref.

To discuss this case further is merely to rethrash old straws.

Judgment affirmed.