## DUNLAP et al. v. VOTER et ux.
### No. 3030.

Court of Civil Appeals of Texas. El Paso.
June 7, 1934.

Rehearing Denied June 28, 1934.

W. F. Bane, of Dallas, for appellants.

J. E. Burkholder (on rehearing only) and Lyle Saxon, both of Dallas, for appellees.

HIGGINS, Justice.

This suit was filed on October 2, 1933, by the appellees, Voter and wife, against Frank B. Dunlap, A. J. Klein, A. C. Moser, and H. A. Loughborough, seeking to enjoin the sale by Dunlap of a lot in the city of Dallas under the power conferred by a deed of trust.

A temporary restraining order was issued with notice to the defendants to appear and show cause why a temporary injunction should not issue. Upon hearing a temporary injunction was granted from which order this appeal is prosecuted.

The petition, among other grounds, sought such injunction under the Moratorium Act of the 43d Legislature, chapter 102, p. 225, Reg. Sess. (Vernon's Ann. Civ. St. art. 2218b). It is apparent from the record that the injunction order was not based upon that act. It is so conceded in the briefs. Furthermore, any question arising upon that phase of the case is now moot under recent rulings of the Supreme Court in dismissing, as moot, various cases pending before it involving the validity of the Moratorium Act.

The question now before this court is whether the relief granted was proper upon the facts pleaded and proven with reference to the alleged usurious nature of the transaction involved.

The allegations of the petition upon this phase of the case are vague, uncertain, and in large measure legal conclusions of the pleader. It might properly be held that for this reason the injunctive relief sought should not have been granted. 24 Tex. Jur. title Injunctions, § 169, and cases there cited.

But in view of trial later upon the merits it is proper that we rule upon the issue of usury as it is presented.

From the verified pleadings and evidence the facts seem to be as follows:

On January 28, 1929, Klein, Moser, and Loughborough conveyed to Voter and wife the lot mentioned in consideration of $7,850 paid and secured to be paid as follows: $850 cash and the execution of two notes by the grantees numbered 1 and 2, of even date with the deed. No. 1 is in the principal sum of $5,000 payable to order of Susan Schoech, bearing interest at the rate of 8 per cent. per annum payable semiannually as it accrues. The maturity date of this note and its other terms are not shown. Note No. 2 reads as follows:

"Dallas, Texas, Jan. 28, 1929.

"For value received, we promise to pay to the order of A. J. Klein, A. C. Moser and H. A. Loughborough, of the County of Dallas, State of Texas, the principal sum of Two Thousand and No/100 ($2,000.00) Dollars, with interest thereon from date until paid at the rate of 8% per annum, payable monthly with each installment of this note, as it accrues on the entire unpaid balance hereof, all past due interest bearing interest from maturity until paid at the rate of 10% per annum.

"Failure to pay any portion of the principal or interest hereon, when due, or failure to comply with or to perform any of the provisions or covenants contained in the hereinafter mentioned instruments of writing or failure to make the monthly deposits as hereinafter provided for, shall, at the option of the legal owners and holders hereof, mature the entire indebtedness represented hereby and secured by the hereinafter mentioned liens.

"This note is secured by Vendor's Lien retained in deed of even date herewith from A. J. Klein, et ux, A. C. Moser, et ux, and H. A. Loughborough, et ux, to Edwin G. Voter and wife, Lillian L. Voter, and by Deed of Trust of even date herewith, from Edwin G. Voter, et ux, to Frank B. Dunlap, Trustee, upon Lot No. Three (3) in Block No. Three (3) of Greenville Crest Annex, an addition to the City of Dallas, Dallas County, Texas, according to map or plat of record in Volume 4, Page 65, Plat Records of Dallas County, Texas, and, we hereby agree to pay all expenses incurred, including attorney's fees of 10% of principal and interest due hereon, if placed in the hands of an attorney for collection or if collected through the probate court or by other judicial proceedings.

"This note shall be payable as follows:

"The makers hereof shall deposit with the holders hereof, monthly, the sum of $66.66-⅔ on or before the 28th day of February, 1929, and the 28th day of each succeeding calendar month thereafter until fully paid, out of which monthly installments the holders hereof shall pay, first, the interest accrued on the first lien note of even date herewith, executed by the makers hereof, payable to Susanna Schoech, in the principal sum of $5000.00; second, the interest accrued hereon at the rate herein provided, and the residue of each installment to be applied as a credit on the principal of this note."

To secure the payment of these notes a vendor's lien was reserved in the conveyance. Such lien securing the payment of the $5,000 note is paramount to the lien securing the payment of the $2,000 note. To further secure the notes the Voters executed two deeds

of trust upon the lot to Dunlap as trustee. The record is silent as to the terms of the deed of trust securing the $5,000 note. The deed of trust securing the $2,000 note discloses that it is subordinate to the other deed of trust.

The deed of trust securing the payment of the $2,000 note provides:

"This conveyance is made in trust, however, to secure and enforce the payment of one certain promissory note of even date herewith (hereinafter referred to as note), executed by the undersigned, payable to the order of A. J. Klein, A. C. Moser and H. A. Loughborough at 111 Martin Street, Dallas, Texas, described as follows: In the principal sum of $2000.00, due on or before in equal, consecutive monthly installments as provided in the face of said note, being the identical promissory vendor's lien note given by the grantors herein in part payment for the property hereinbefore described, as recited in Deed thereto of even date herewith, executed by A. J. Klein, et ux, A. C. Moser, et ux, and H. A. Loughborough, et ux, to the said Edwin G. Voter and wife, Lillian L. Voter, * * *

"Failure of the grantors herein, their heirs or assigns, to promptly pay, at maturity, any principal or interest due on any prior lien indebtedness, shall, at the option of the legal owners and holders of the note secured hereby, immediately mature the entire indebtedness represented by said note for $2000.00 and recourse hereunder may be had as herein provided.

"It is agreed that if default be made in the payment of any principal or interest on said note, or in the performance of the covenants or agreements herein contained, or any of them, then at the option of the legal holder of said note, the whole of the debt herein secured shall become due and payable, and may be collected by suit or by proceeding hereunder; and it is further agreed that if said indebtedness is not paid when due, and is placed in the hands of an attorney for collection, or if collected through the Probate Court, ten per cent additional on full amount shall be added as attorney's fees."

It was provided that in case of sale the proceeds are to be applied to the payment of: "First, all charges, cost and expenses of executing this trust, including a reasonable fee to the Trustee; Second, the note above described and all sums of money due or to become due hereunder, with interest as agreed; and, Third, shall render the overplus, if any unto the undersigned herein, or legal representatives or assigns."

The deed of trust further provided: "We further covenant with said Trustee that we will at all times during the continuance of this trust keep the buildings and improvements now on, or hereafter to be erected on, said premises, insured against loss by fire and tornado to the extent insurance can be obtained, in companies acceptable to and with loss payable to said Trustee, or his successors, for the benefit of the holder or holders of said notes and deliver the policies to said Trustee, or his successors, and to pay, before the same shall become delinquent, all taxes and assessments that may be levied or assessed against said premises or any part thereof. And it is specially agreed that if the undersigned shall fail to effect said insurance and deliver such policies, as herein provided, or to pay such taxes, then the said insurance may be effected and said taxes may be paid by the legal holder of said note and sums so expended shall be a demand obligation and become part of the debt hereby secured, and shall draw interest at the rate of ten per cent per annum, from date so expended until paid."

The petition alleged:

"5. That plaintiffs show that they have paid on the second lien aforesaid fifty-three payments, amounting to the aggregate of $502.30, and that they have paid in Fifty-three payments on the principal note secured by the second lien, $1,264.47, and that they have paid in fifty-three payments interest on the first lien note $1,766.64; thereby paying all of their interest on both the first and second liens up to and including June, 1933.

"6. That since the date of the payments of the interest aforesaid on the notes, the plaintiffs have been trying to reach some adjustment with the defendants and also with the first lien holder as to certain improvements on their property as well as to re-adjust interest payments, in the following manner to-wit:

"That the plaintiffs proposed to the first lien holder, mentioned above, who is represented by F. J. Schoech, and the said party together with the second lien holders, the defendants above mentioned herein, agreed to take an extension of one year on the first lien mentioned above and the interest on the second lien to be paid by the plaintiff upon the plaintiff's paying $40.00 per month, to be prorated to the interest on the first lien and the interest on the second lien to which the first lien holder and the defendants agreed.

"7. That notwithstanding the aforesaid agreement on which the plaintiffs rely, the defendants aforesaid and especially the defendant F. B. Dunlap, acting in his capacity as trustee, has posted notices to sell said property above described on Tuesday, October, 3, 1933, between the hours of 10 o'clock a. m., and 4 o'clock p. m., at the door of the courthouse in Dallas, Dallas County, Texas, to the highest bidder for cash, without he is enjoined or restrained from so doing.

"8. The petitioners further charge and aver that the interest on both the first and second lien notes described above is usurious and in violation of the constitution and the statutes of the State of Texas, made and provided in such cases, in that the deeds of trust securing same have an option therein, whereby the holders of said notes can declare the whole of said debts, including the interest therein to become due and payable before maturity and furthermore the second lien holders, the defendants herein have actually collected interest amounting to over 10% per annum and in consequence thereof the plaintiffs herein are entitled to claim a credit of $502.30 paid to the defendants which credit should be applied to the second lien note of $2,000.00 which the defendants are now attempting to foreclose by the trustee sale aforesaid.

"9. That petitioners further show that by reason of the fact that both of said notes, secured by the deeds of trust aforesaid, are usurious transactions, not alone are petitioners entitled to a credit of the interest paid on the second lien note, of $502.30 but are also entitled to a credit of the interest paid on the first lien note of $5,000.00, which interest amounts up to the first of June, 1930, to $1,766.64, thereby reducing petitioners indebtedness on both of said notes, to the full sum of $3,466.59, all as will be more fully shown in the trial of this case."

The only evidence adduced upon the hearing consisted of the $2,000 note and the deed of trust securing such note.

## Opinion.

In support of their contention that the contract evidenced by the notes and deeds of trust is usurious, appellees invoke the rulings in Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W. (2d) 11, 84 A. L. R. 1269; Deming Investment Co. v. Giddens, 120 Tex. 9, 30 S.W.(2d) 287; Bothwell v. Farmers' & Merchants' State Bank & Trust Co., 120 Tex. 1, 30 S.W.(2d) 289; and other cases of like nature.

The doctrine of these cases has no present application. Those were cases where interest notes had been given and by virtue of acceleration clauses it was possible for the holders of the notes to accelerate the maturity of both principal and interest notes resulting in a contract whereby the makers of the notes would be required to pay interest in excess of 10 per cent. per annum.

There are no interest notes or coupons here involved. The principal of the $5,000 and $2,000 notes represent purchase money for the lot. If the maturity of these notes be accelerated by the holders, the makers could not, under the terms of the notes and deed of trust in evidence, be called upon to pay more than the principal sums and interest thereon *until paid* at the rate provided in the notes.

The phrases "entire indebtedness," "the whole of the debt," "with interest as agreed," as contained in the note for $2,000 and the deed of trust, cannot reasonably be construed as embracing any unearned or unaccrued interest. On the contrary, we think they plainly have reference to the principal debt and accrued or earned interest. Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332; Spiller v. Bell (Tex. Civ. App.) 55 S.W.(2d) 634; Ætna Life Ins. Co. v. Foster (Tex. Civ. App.) 66 S.W.(2d) 428.

The temporary injunction is dissolved, and the cause reversed and remanded.