## FOLEY et ux. v. FARM & HOME SAVINGS & LOAN ASS'N.
### No. 1436.

Court of Civil Appeals of Texas. Eastland.
April 5, 1935.

J. D. Barker, of Sweetwater, for appellants.

Greenwood, Moody & Robertson, of Austin, for appellee.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of appellee against appellant T. H. Foley on a promissory note, and against both appellants T. H. Foley and wife, Elizabeth M. Foley, for the foreclosure of a deed of trust lien on certain property situated in Cisco, Tex. Mrs. Foley pleaded her coverture, and no personal judgment was rendered against her. It was pleaded in the answer of T. H. Foley that the note constituted a usurious contract, and, by a cross-action, he sought judgment for $3,486.50 as a penalty on account of usurious interest paid, but offered to do equity by having the court credit said amount on the balance of the principal of the note sued on. The case was tried below before the court without the assistance of a jury, and the record contains findings of fact and conclusions of law.

The usury question is the only one presented. The note is of unusual length, but, in view of the contentions made, we find it desirable to set same out in full as follows:

"$9,500.00                Cisco, Texas,
"October 20th, 1930.

"For value received we, or either of us promise to pay to the Farm and Home Savings and Loan Association of Missouri, the following sums of money, viz: The sum of Fifty Seven Dollars the same being the monthly dues on the 95 shares of the capital stock of said Association, represented and evidenced by the certificate thereof numbered 138415 this day pledged by us to said Association to secure a loan of Ninety-Five Hundred Dollars; and the sum of Sixty One and 75/100 Dollars; the same being the interest due monthly upon said sum so borrowed by us.

"And we promise to pay said Association at its Home Office at Nevada, Missouri, all of said sums of money, amounting in the aggregate to One Hundred Eighteen and 75/100 Dollars, on the 20th day of each and every month, and continue such monthly payments for a term of 120 months from date hereof; each and every payment herein provided for shall be made at the office of said Association in Nevada, Missouri.

"And we further agree in case of default in the payment of said sums of money, or any part thereof, monthly as aforesaid, to pay all fines and penalties assessed on account thereof, in accordance with the rules, regulations and by-laws of said Association, and if, in case of default, the stock pledged and the security given to secure said monthly payments shall, upon the sale thereof, be insufficient to repay said Association any balance which may be due and owing on said loan, we promise and agree to fully pay and discharge same; if he shall fail for a period of six successive months to pay dues, interest, or other charges required by the by-laws, or shall become indebted to the Association in a sum equal to the gross amount of the dues and interest for a period of six months, then the whole of this obligation shall become due and payable and may be collected by law. The payment of said monthly sum aggregating One Hundred Eighteen and 75/100 Dollars each and every consecutive month hereafter until the maturity of said stock and the payment of all fines, penalties, advances, liens and other charges shall entitle all of said certificate of stock to redemption by said Association at the par value thereof, and the said shares of stock evidenced by certificate Number 138415 so taken and redeemed shall be taken by said Association in full satisfaction of this obligation and deed of trust or mortgage to secure same; if this note is sued upon or placed in the hands of an attorney for collection we agree to pay attorney's fees in a sum equal to ten per cent of the amount owing.

"This obligation may be paid off at any time upon giving thirty days' written notice to the Home Office of the Association at Nevada, Missouri, in which event this note or obligation may be credited on such repayment of loan with the withdrawal value of stock carried with same.

"T. H. Foley
"Elizabeth Foley."

The deed of trust executed simultaneously therewith contained these provisions:

"It is also agreed that should default be made in the payment of any of the items mentioned in this conveyance, or in the obligations secured hereby on the day when the same are due and payable according to the terms thereof, and according to the by-laws of the said Association, its Rules and Regulations, and should such default continue, in whole or in part, and so remain unpaid for a period of six months from due dates, then the said Association, its successors and assigns shall have and is hereby given the op-

tion to, without notice, declare mature, due and immediately payable the above described principal obligation, together with all arrearages, advances and penalties although the period herein, and provided for payment of said obligation shall not have then expired; and in event of proceedings foreclosing this deed of trust through legal proceedings or otherwise, the indebtedness hereby secured shall bear interest from date of default at the rate of 7.8 per cent. per annum in lieu of further monthly installments, and the shares of stock above referred to shall be cancelled and the surrender value thereof, as provided in the by-laws of said Association as of the date of the first default, shall be applied in reduction of the sums due on this deed of trust. * * *

"And it is further understood and declared to be the intent of the parties hereto that the grantors are bona fide stockholders in said Association, and have subscribed for said stock, and make payments thereon as an investment or method of saving, and in no sense or particular are the said stock payments to be considered as made on the loan or advances made by said Association; and it is mutually agreed that it is not the intention of the parties hereto to provide for the payment of interest in excess of ten per cent per annum on the principal sum advanced by said Association, and from time to time remaining unpaid and accruing. It is agreed that, aside from Attorney's fees, trustee's fees and reimbursements for any moneys that may be paid by said Association under this contract, by way of advancement for taxes, insurance levies or assessments with interest thereon as herein provided; under no circumstances whatsoever shall the said obligors herein be required to pay said Association a greater sum of money, whether interest premiums, fines, penalties, or under any other name, than the aggregate of the principal sum so advanced by said Association, together with interest thereon from the date hereof until paid, at the rate of 7.8 per cent per annum, etc., as above excepted that may be elsewhere herein provided for is understood to be an error in calculation, and if collected, shall be returned to the said grantors."

Appellants brief their case under two propositions of law, as follows:

First. "The note or obligation sued on herein showing on its face to be usurious, and being at variance with and contradictory to the provisions of the deed of trust, the note or obligation is paramount and controls the contract."

Second. "There being no provision in said note or deed of trust compelling the plaintiff to foreclose its lien created by the deed of trust or to prohibit it from abandoning its lien and relying wholly upon a personal judgment against defendant, the court erred in construing them together and holding that the provisions of the deed of trust controls or limits the provisions of the note or obligation."

The first contention is that the note is usurious on its face. This contention is based upon the following provision thereof: "If we shall fail for a period of six (6) successive months to pay dues, interest or other charges required by the by-laws, or shall become indebted to the Association in a sum equal to the gross amount of the dues and interest for a period of six (6) months, then the whole of this obligation shall become due and payable and may be collected by law."

█ We question whether this provision of the note, separately considered, should be given a construction that would make the contract usurious, but find it unnecessary to determine that question, for it is not to be considered alone. The note and deed of trust were executed simultaneously as a part of one transaction, and must be construed together for the purpose of arriving at the real intent of the parties. If fairly susceptible of a construction making the contract legal, our duty is to give that construction to its several terms. Galveston & H. Inv. Co. v. Grymes, 94 Tex. 609, 613, 63 S. W. 860, 64 S. W. 778; Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269. When the provisions of the deed of trust, above copied, are considered in connection with the note, the contract is so clearly not usurious that we do not deem it needful to discuss the question.

█ Appellants present that the appellee had the right to abandon the security given by the deed of trust and sue alone on the note, and that therefore the contract is severable. Accordingly it is argued that we should look alone to the provisions of the note in determining whether, under any contingency, usurious interest was contracted for. We cannot adopt this view. The note is not an ordinary negotiable note, obligating the maker to pay a sum certain, and securing the payment thereof by deed of trust on real estate. Even were it so, we question whether the contention should be sustained. But we have not that question for decision. This note is not negotiable at all. It provides that "If, in case of default, the stock pledged and

the security given to secure said monthly payments shall, upon the sale thereof, be insufficient to pay said Association any balance which may be due and owing on said loan, we promise and agree to fully pay and discharge same." The obligation, in case of default, is to pay any balance remaining after resort has been had to the stock pledged and the security given. But there is no stipulation in the note governing the method of realization on the stock pledged. The deed of trust must be consulted to ascertain this method. A money judgment could not be rendered on the note alone without resort to the deed of trust for the purpose of determining the amount owing. In the ordinary transaction, the holder of a note secured by a lien may waive the lien and proceed to judgment on the note, but he has not that option in a case like the instant one, where the agreement is to pay the balance due after the security has been resorted to. The provisions of the note itself so link it with the deed of trust that the two together form one inseverable contract.

Affirmed.