**GOODE et al. v. DAVIS et al.**

No. 13992.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 1, 1939.

Rehearing Denied Jan. 12, 1940.

A. B. Cates, of Decatur, for appellants.
C. T. Gettys, of Decatur, for appellees.

SPEER, Justice.

Appellants, K. O. Goode, R. S. Goode, Georgie Myers, joined by her husband, L. M. Myers, Mae Moore, joined by her husband, Milton Moore, Estelle Elder, joined by her husband, R. C. Elder, Pauline Andrews, joined by her husband, J. B. Andrews, Gladie Flickinger, joined by her husband, H. E. Flickinger, sued appellees, W. C. Davis and George Dickenson, in trespass to try title, seeking to recover about 122 acres of land in Wise County, Texas, a part of the Asa Hill Survey, describing the land by metes and bounds.

Appellees answered with general denial, not guilty and by special pleas, showing title in them under trustee's deed, sheriff's sale under tax suit foreclosure and by limitations.

Appellants replied with special exceptions, all of which were overruled by the court, which action is assigned as error. In the view we take of this appeal, it is unnecessary for us to discuss the merits of the answer or the ruling of the court on the special exceptions.

When appellants (plaintiffs) had concluded the introduction of their testimony, appellees (defendants) moved for judgment. No jury having been demanded, the court sustained appellees' motion and entered judgment against appellants and in favor of appellees. From this judgment the appeal has been perfected.

To show common source of title, appellants introduced in evidence a deed from J. H. Foster and wife, conveying the land to R. F. Goode, dated April 12th, 1917. R. F. Goode was shown to be the father of plaintiffs; a first lien deed of trust by Emma Goode, surviving wife of R. F. Goode, deceased, to F. W. Bartlett, Trustee, dated December 5th, 1924, against the land, securing the payment of a principal note for $1,000; and a second lien deed of trust between the same parties and of same date of the one last mentioned, securing $200, payable in ten annual instalments of $20 each during the life of the Principal $1,000 debt secured by the first lien deed of trust. Proof was made that R. F. Goode died intestate on February 15th, 1922, and that Emma Goode died intestate on July 11th, 1926, and that certain appellants were their only heirs and that other appellants were assignees of heirs; that as such, appellants owned the title of R. F. Goode and his wife, Emma Goode, both deceased. Appellants also put in evidence a deed from John G. Gose, substitute trustee, to B. L. Bartlett, dated February 7th, 1928; also a deed from B. L. Bartlett to I. N. Elrod and a deed from I. N. Elrod to W. C. Davis (appellee) of date January 10th, 1934.

The agreed statement of facts and stipulations further shows that appellants introduced in evidence a judgment of the district court of Wise County, entered on August 3rd, 19132 (1932), in favor of the State of Texas, foreclosing a tax lien on the land against several parties defendant, including all of appellants except Gladie Flickinger and her husband. Among those defendants named is Mary E. Cunningham, shown to be the grantor of Gladie Flickinger. An order of sale on the foregoing judgment was issued returnable November 28th, 1932. The return made by the officer shows that he advertised the land for sale in the manner and for the time required by law, to be sold on December 6th, 1932, it being the first Tuesday in said month; that on said date, between the hours of 10:00 o'clock A.M. and 4:00 o'clock P.M., he did sell the land at public outcry, at the court house door, to the highest and best bidder. A deed was made by the sheriff to E. H. Baumgaertner and Ben Johnson, the purchasers at said sale; Baumgaertner and Johnson deeded the land to I. N. Elrod prior to the date of the deed from Elrod and wife to appellee, W. C. Davis, shown above. The foregoing, together with other evidence and stipulations which we consider unnecessary to relate, constitutes appellants' evidence of title. Appellees introduced no testimony, but rested when appellants finished. Resulting, as above shown, in the court sustaining appellees' motion for judgment.

The rule of law by which appellants' rights are controlled in trespass to try title cases, such as this, is laid down in 41 Tex.Jur., page 492, sect. 30, in this language: "The defendant being in possession of the land, is entitled to judgment against the plaintiff unless the latter presents prima facie proof of title. Possession of the premises by the defendant is deemed to give him a 'right against the plaintiff' until the latter has shown title to the land. The burden is cast upon the plaintiff to establish title by an affirmative showing and by a preponderance of the evidence."

The record in this case shows that appellants are the heirs or the grantees of the heirs and only heirs of R. F. Goode and

his wife, Emma Goode, both deceased. It also shows that the Goodes are the common source of title between the parties to this suit. Common source may be shown either by the pleadings of the parties, by agreements and stipulations or by proof upon the trial. Luckel v. Sessums, Tex.Civ. App., 71 S.W.2d 579, writ dismissed; Simmons Hardware Co. v. Davis, 87 Tex. 146, 27 S.W. 62; Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551; Moran v. Stanolind Oil & Gas Co., Tex.Civ.App., 127 S.W.2d 1012, writ dismissed, correct judgment. When common source is shown, neither party need go farther back to establish a chain of title. Appellants in this case had a right to introduce testimony upon the development of their prima facie case, to show the source of such title as appellees had, for the purpose of establishing a common source. But they did not stop at this; they proved by a series of instruments which, if valid, placed title in appellees and divested themselves of the title.

Insofar as is necessary to here state, the first lien deed of trust introduced in evidence by appellants, was made in renewal of and to secure an indebtedness owing by R. F. and Emma Goode, evidenced by an obligation made by them on December 28th, 1917. The instrument in evidence recites these facts, and that the beneficiary in the new obligation was subrogated to that old debt and the lien securing same. The second lien deed of trust is a part of the contract out of which grew the first lien, and we shall treat it as such.

In recognition of the foregoing principles of our established law, appellants claim that the two deeds of trust show upon their faces that the indebtedness secured bore usurious interest; that the second deed of trust, under which a sale was made by the substitute trustee and under which sale appellees claim, was given to secure usurious interest on the principal obligation, and the sale made thereunder was therefore void; hence the substitute trustee's deed passed no title to appellees' grantor and that of course appellees took no title under the conveyance to them.

Whether or not the two deeds of trust, when construed together, secured a usurious contract is the determining factor in this appeal, if we disregard for the moment the apparent title shown in appellees under the tax judgment and sheriff's sale.

In cases of this kind, where two deeds of trust are executed contemporaneously, the first to secure a principal indebtedness and recited interest, and the second given to secure another part of the interest, both must be considered as representing a single transaction from which we may determine whether or not the two, when read as one contract, taint the transaction with usury. This is true for the reason the real intent of the parties may thus be ascertained. If the terms of one when considered alone should disclose the vice, and the other construed in connection therewith should cause it to mean something else, that construction should be given the contract as a whole that would render it valid rather than void. Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046, 109 A.L.R. 1464; Foley v. Farm & Home Savings & Loan Ass'n, Tex.Civ.App., 81 S.W.2d 231, and cases there cited; Cowan v. Wilson, Tex.Civ.App., 85 S.W.2d 823; Walker v. Temple Trust Co., Tex.Civ.App., 60 S.W. 2d 826, affirmed by Supreme Court, 124 Tex. 575, 80 S.W.2d 935; 10 Tex.Jur., page 286, sect. 166.

The pertinent parts of the two deeds of trust to which we must look to ascertain if they render the instruments open to the vice of usury should be shown, and we quote the purpose clause from the first instrument as follows:

"To secure and enforce payment of one certain promissory note in the sum of $1,000.00 for money borrowed, executed by Emma E. Goode and R. S. Goode, and due as follows: $1,000.00 on the first day of January, 1935, dated December 5th, 1924, and payable to the order of J. W. Bartlett, the party of the third part, with interest thereon from January 1st, 1925, until maturity at the rate of six per cent per annum, and with interest thereon from maturity until paid at the rate of ten per cent per annum, said interest before maturity being payable annually on the first day of each January of every year, according to the terms of the interest coupons attached to said note, each bearing ten per cent interest per annum from maturity until paid. * * *

"The note secured hereby is given in renewal and extension of a note for like amount dated December 28th, 1917, made by R. F. Goode and Emma E. Goode to the order of J. W. Bartlett and secured by a deed of trust on the above described land. * * * The beneficiary herein is hereby subrogated to all the rights, powers and equities of the beneficiary in said deed of

trust and of the legal holders and owners of said note.

"Should a breach occur in any of the foregoing covenants, or should a tax be levied on this lien by the State of Texas, then the holders of the indebtedness secured hereby may at his or their election, or at the election of any of such holders, declare the whole amount lawfully collectible hereunder, due and collectible at once."

The instrument further provided for sale of the land by the trustee or any substitute trustee that might thereafter be named under the provisions thereof. That he should make deed thereto unto the purchaser at such sale. It further provided that "all statements of facts and other recitals (in the trustee's deed) therein made as to the non-payment of the money secured, and as to the requests of the trustee to enforce this trust, and as to the proper and due appointment of any substitute trustee, and as to the advertisement of sale, or time, place and terms of sale, and as to any other preliminary act or thing, shall be taken in all courts as prima facie evidence that the facts so stated or recited are true."

The second lien deed of trust executed by the same parties contemporaneously with the first deed of trust and under which instrument the land was sold out by the substitute trustee and under which appellees claim, among other things, provided:

"This deed of trust is junior to one of even date herewith, executed by the first party to F. W. Bartlett, Trustee, securing a principal note for $1,000.00, and the note secured hereby represents a part of the interest agreed to be paid for the loan of said sum.

"In trust, however, to secure the certain indebtedness to J. W. Bartlett, third party, in the sum of Two Hundred Dollars, for which the said first party has executed to said third party a promissory note of even date herewith, payable as follows: Twenty Dollars ($20.00) January 1st, 1926, and a like sum on the first day of each following January until all is paid; both principal and interest payable at the office of J. W. Bartlett, Dallas, * * * said note bearing interest at the rate of ten per cent per annum, after default until paid, and providing for ten per cent attorney's fees.

"Should default be made in the payment of any part of the note secured hereby, the holder hereof may declare the whole amount of such indebtedness due and collectible, at once; provided that not more than ten per cent interest per annum shall ever be collected on the principal note herein referred to.

"And if default be made by the first party in the payment of any amount due on any prior incumbrance on the land above described, or in the payment of any tax levied against said land, or against this lien, or the indebtedness secured thereby, the holder hereof may pay the same, and any sum so paid shall thereupon become a part of the indebtedness secured hereby, and with all sums collectible hereunder may be declared due and collectible at once."

"If default be made in the payment of any note secured hereby or any instalment thereon the holder of said note may cause the land described herein to be sold by the trustee for the collection of said note or instalment, and any other sum due and collectible hereunder, and such sale shall be subject to the prior lien herein referred to. * * *"

The instrument further provides that in case of default in payment by the maker of the note secured, for sale by the trustee or his successors in trust upon request of the holder of the indebtedness of the land, "at public auction for cash, in accordance with the statute now governing such sales, after posting notices of sale for twenty-one days * * *". This further provision appears in the deed of trust: "And it is agreed that in case of any sale hereunder all prerequisites to said sale shall be presumed to have been performed; and that in any conveyance hereunder, all statements of facts and other recitals therein made as to non-payment of the money secured, and as to the request of the trustee to enforce this trust, and as to the proper and due appointment of any substitute trustee, and as to the advertisement of sale, or time, place and terms of sale, and as to any other act or thing, shall be taken in all courts as prima facie evidence that the facts so stated or recited are true."

The substitute trustee's deed, which appellants introduced in evidence, describes the second deed of trust above mentioned, referring to it by date, the parties and its recordation; that the trustee named therein had resigned, the appointment of John G. Gose as substitute trustee, the default in the payment of the note secured, the declaration by the owner and holder of its ma-

turity under the accelerating maturity clause therein, and the request by the owner of the indebtedness to the substitute trustee to sell the property under the terms of the instrument.

The deed further recites: "Whereas, pursuant to said request, and under the power conferred by said deed of trust, the undersigned (substitute trustee) on the 7th day of February, 1928, being the first Tuesday in said month, between the hours of ten o'clock in the forenoon and four o'clock in the afternoon of said day, offered said real estate for sale at public auction, at the door of the county courthouse of Wise County, Texas, and after having advertised said sale by posting printed notices of the time, place and terms of sale at three public places in said county, one of which was at the courthouse door." Recitations are further made that B. L. Bartlett became the purchaser at said sale for $50, and that upon receipt by the substitute trustee of that amount, conveyance of title is recited in the usual form for such instruments.

The appellants base their contention that no title passed under the sale of the land by the substitute trustee upon the theories, (a) because the sale was made for failure to pay usurious interest; (b) because the land was sold out before the expiration of four years after the death of the maker of the obligation and within the time in which administration could be had, and (c) because the purported deed did not affirmatively disclose that notice of the time, place and terms of sale was made and given by the trustee by posting notices thereof for three weeks preceding such sale, as required at Art. 3810, R.C.S. These points are presented in their first five propositions.

As shown, the principal obligation of $1,000 bore interest at six per cent per annum, and ten per cent per annum after maturity. The second note and deed of trust amounted to two per cent per annum interest on the principal note, at all times before maturity. The aggregate interest thus provided for amounted to only eight per cent per annum, and obviously no usury is shown unless the provisions of acceleration in the deeds of trust would enable the holder of the paper to collect from the makers a greater amount than ten per cent per annum, if, as and when maturity could be accelerated and collection enforced. We are not authorized to select one or more clauses or expressions found in an instrument or in two instruments when considered as one, and thus determine whether or not usury could be exacted. But all provisions therein are to be given effect if it is possible to do so. If the instruments or either of them clearly evidence an intention by the parties not to vitiate their contract by providing for an unlawful rate of interest, such intention will be given effect over other isolated parts, which when considered alone may be construed as usurious. A recent expression by our Supreme Court, speaking through Justice Critz, in the case of Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046, 1048, 109 A.L.R. 1464, recognizes the principle last announced. That was a case in which the defense to an obligation was that of usury; there were accelerating maturity clauses which, if considered alone, might lead to the conclusion that usurious interest could be exacted. In that transaction, a provision in the deed of trust appears which is very similar to the one under consideration here. In that instrument this provision is found: "That the intention of the parties being to conform strictly to the Usury Laws now in force, any of said contracts for interest shall be held to be subject to reduction to the amount allowed under said Usury Laws as now or hereafter construed by the courts having jurisdiction." Referring to the quoted provision the court said: "If this last provision can be given effect, and, as already said, it must be given some effect if it is reasonably possible to do so, it must be held to operate to deny the note holder the right, in any event, to collect usury."

In Federal Mortgage Co. v. Davis, Tex. Civ.App., 100 S.W.2d 717, 719, affirmed by the Supreme Court in 131 Tex. 46, 111 S.W.2d 1066, it was held that where a contract is capable of two interpretations, one rendering it void and the other valid, the interpretation rendering it valid will be adopted. In the same case it was held that making a loan with intent to take a rate of interest in excess of the statutory amount is an essential element of usury and, where the contract is fair on its face, an intent to take unlawful interest must clearly appear. In addition to the expressions found in the deed of trust under discussion, in that case, it was provided as follows: "I shall pay, in satisfaction of the loan and interest, a sum equal to the principal of the loan made, and also interest thereon computed at the rate of ten per cent. per annum, with the interest pay-

able in monthly installments, * * * and I shall not be .called upon to pay, as principal and interest on the loan, any greater sum." The court held against the contention that the accelerating maturity clauses in the two deeds of trust should be construed to mean that there was an intention on the part of the lender to receive or collect more than ten per cent per annum from the borrower.

In Walker v. Temple Trust Co., Tex.Civ.App., 60 S.W.2d 826, a very similar situation arose to the one now before us. Except that the one here under consideration is more explicit with reference to the amount payable in case of prematurity by virtue of accelerating maturity clauses. In that case, two series of notes were made, one for the principal indebtedness and the other for part of the interest. The latter provided that in case of failure to pay any instalment (all of which was for interest) or if default should be made in any of the provisions contained in the principal obligation and the lien securing it, then the debt owner could declare the whole of the indebtedness (the interest instalments) due and payable. Without any declaration by the parties that only that part of the interest which had accrued should become due and payable, the court held that this would follow as a matter of law, even though to construe the contract to mean that maturity of the whole of the series of interest notes would have made the obligation usurious. It was held that if reasonably possible the court should adopt the construction of a contract that would render it nonusurious. In affirming the above holding, the Supreme Court, in the same case, (124 Tex. 575, 80 S.W.2d 935), held that the dominant purpose and intention of the parties, interpreting the contract as a whole, should control in arriving at whether or not it is usurious. The rule is laid down that a presumption will prevail that unearned interest will not be collectible upon acceleration of maturity because of failure to pay an instalment thereof. To avoid extending this discussion unnecessarily, we suggest that any one interested in the point could read with profit the discussion by the Supreme Court of the points involved in the last above citation.

In this case, the first deed of trust securing the principal indebtedness, as above stated, provides that should a breach of the obligation occur, the holder could at his option declare the whole amount *lawfully collectible* thereunder due and collectible at once. The second deed of trust securing a part of the interest and under which the sale of the land was made, contained an accelerating maturity clause similar to that in the first deed of trust with this additional: "Provided that not more than ten per cent interest per annum shall ever be collected on the principal note herein referred to."

Under the several provisions of the contract in the instant case, the obligation refutes the idea that an illegal rate of interest could ever be exacted of the makers. It very definitely appears that the intention of all parties was that the debt owner could never collect a greater rate of interest on the principal obligation than that permitted by law. We therefore feel impelled to place that construction upon the instruments before us that will comport with legality rather than illegality. It is our duty to indulge the presumption that the parties intended to obey and not breach the law, when such a construction can be placed upon their acts without doing violence to an otherwise express or clearly implied intention. Walker v. Temple Trust Co., supra; Dunlap v. Voter, Tex.Civ.App., 72 S.W.2d 1109, writ refused; Shive v. Braniff Inv. Co., Tex.Civ.App., 68 S.W. 2d 564; Bankers' Life Company v. Miller, Tex.Civ.App., 68 S.W.2d 574, writ refused; Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046, 109 A.L.R. 1464. Appellants' first three propositions, which challenge the validity of the conveyance by the substitute trustee because of usury, are overruled.

By their fourth proposition, appellants attack the judgment of the trial court, wherein it was held that the sale made by the substitute trustee within four years after the death of the obligor, was valid and passed the title to the land. It is contended that the sale so made within the time in which administration could have been taken out on the life of Mrs. Emma E. Goode was void and passed no title. The following authorities hold squarely against such contention, and the proposition is overruled: See Wiener v. Zweib, 105 Tex. 262, 141 S.W. 771, 147 S.W. 867; Slay v. Gose, Tex.Civ.App., 233 S.W. 348; Freece v. Truskett, 130 Tex. 90, 106 S.W.2d 675.

Under fifth proposition, appellants contend that the substitute trustee's deed was void and passed no title because notice of

the time, place and terms of sale was not made and given by the trustee by posting notices thereof for three weeks preceding such sale, as provided by Article 3810, R.C.S.

The instrument under which the sale was made provided that the trustee should sell the property at public auction for cash, at any time after default, in accordance with the statutes then governing such sales. The instrument further provided, as quoted above, that in case a sale was made thereunder, that all prerequisites of said sale should be presumed to have been performed; and that in any conveyance made under such sale, the statements of facts therein contained relating to advertisement of sale, time, place and terms of sale and *as to any other act or thing* should be taken in all courts as prima facie evidence that the facts so stated were true. We have already shown the recitations in regard to the matters complained of as disclosed by the trustee deed. It would appear that the recitations in the deed specifically disclose that the sale was made in Wise County, where the land was situated, on the first Tuesday in a named month and within the hours provided by Article 3810, R.C.S. It also appears that the sale was so made "after having advertised said sale by posting printed notices of the time, place and terms of sale at three public places in said county, one of which was at the court house door." The deed does not recite that said notices were so posted "for three consecutive weeks prior to the day of sale", as provided by the article referred to. This is the complaint made by appellants. This was a "prerequisite" to the right of the trustee to make the sale at the time and place it was made. The requisites provided by the statute in such cases are for the benefit of the mortgagor to guarantee to him that the property will bring an adequate price when sold. There is no contention made that mortgagors lost any valuable right or that the price bid at the sale was inadequate. True the land was bought at the sale for $50, but the sale as made was for one or more of the $20 instalments on the interest note which in no event could have been more than $60; for aught the record shows it could have been for one instalment of $20. The sale was of necessity subject to the $1,000 principal indebtedness and any accrued interest thereon which had not been paid; hence,

the amount bid and paid at the sale could not be said to present any question of fraud or inequity, nor could appellants be heard to say that they suffered any loss by reason of the sale as made.

Since the statutory provisions, as contained in Article 3810, are for the benefit of the mortgagor, they may be waived by him. 29 Tex.Jur. page 976, sect. 138 et seq. It is not a requisite to the validity of a trustee's deed that it shall recite in detail the performance by him of all the things required by law, but when such a sale is attacked upon grounds claimed to affect its validity proof may be made of the facts as they really existed. In Southland Lumber Co. v. Boyd, Tex. Com.App., 244 S.W. 119, it was held that where the trustee's deed recited that "on account of default in payment of the note, the maker having refused to make payments as provided in the deed of trust and mechanic's lien contract and note, after having been duly notified to do so and duly served with notice of sale as required by law, the trustee offered the property for sale", would be sufficient to prove compliance with the deed of trust and the statute in regard to publishing notice.

In Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143, the Supreme Court, speaking through Chief Justice Phillips, discussed a somewhat similar situation to the one here involved. Relating to the notice of sale made by the trustee, the deed recited this: "I proceeded to sell said property at public auction at Hillsboro, Hill County, Texas, between the hours of 10 a. m. and 4 p. m. on the first Tuesday, the 6th day of October, 1908, after having given public notice of the time, place and terms of said sale by posting a public notice on the court house door, Hill County, Texas, as required by said deed of trust." The instrument under which the sale was made contained the following provision: "And said deed of conveyance made by the said trustee (the deed to be made by him to the purchaser at a trustee's sale), and delivered to any purchaser of said property at such sale, shall be evidence that said trustee has in all things duly and legally executed his trust." It was held that the deed, when introduced in evidence, constituted prima facie proof that all requirements of the law requisite to its validity had been observed, including the posting of the necessary notices. From the facts shown, the authorities cited, the agreement

contained in the deed of trust and the recitations found in the deed it must be presumed that all "prerequisites" to the rights of the trustee to sell, were shown, and that appellants' ancestors who made the contract waived their rights to require that all the provisions showing a right of sale, be further shown. We therefore overrule the fifth proposition.

■ Propositions from six to twelve, both inclusive, challenge the validity of appellees' claim of title, growing out of the sheriff's sale under the tax suit judgment above referred to. We find no merit in some of the theories advanced, but the ninth proposition is well taken. The assignment upon which that proposition is grounded is to the effect that the sheriff's sale under the judgment was void and passed no title, for the reason the execution or order of sale had expired when the sale was made. Judgment was rendered August 3rd, 1932. Order of sale thereon was issued on October 8th, 1932, returnable on November 28th, 1932. The officer's return thereon showed that he received the order of sale on the date of its issuance and on the same day levied upon the land therein described. That on October 20th, 1932, he advertised the land for sale on December 6th, 1932, and that on that day he sold the property to the purchasers named in his subsequent deed. It will be observed that the sale was advertised to be made and in fact was made by the sheriff after the expiration of the order of sale by which authority he attempted to act. Such a sale was without authority of law and was void. Irvin v. Ferguson, 83 Tex. 491, 18 S.W. 820; Holloway v. McIlhenny Co., 77 Tex. 657, 14 S.W. 240.

Propositions from thirteen to seventeen, both inclusive, complain of the action of the court in failing to sustain special exceptions urged by appellants to the special answer plead by appellees, but since no testimony was offered by appellees under their pleadings complained of, and therefore no harm is shown to have been sustained by appellants because of the rulings of the court on their exceptions, we find it unnecessary to pass upon them.

■ We hold that the trial court was warranted in entering judgment against appellants at the conclusion of their testimony. When it was made to appear that their inheritance from their ancestors was subject to the outstanding liens hereinabove shown, and that a valid sale of the

property was made under the deed of trust, and that the purchaser acquired title thereunder, appellants failed to show title in themselves. These facts would support the judgment rendered, even though no title passed under the sheriff's deed growing out of the judgment in the tax suit. That sale did not affect the validity of the substitute trustee's sale.

The judgment of the trial court was correct and is therefore affirmed.