**TATE v. JOHNSON et al.**

No. 14077.

Court of Civil Appeals of Texas.
Fort Worth.

April 19, 1940.

Rehearing Denied May 17, 1940.

A. B. Cates, of Decatur, for appellant.

C. T. Gettys and F. J. Ford, both of Decatur, for appellees.

SPEER, Justice.

E. A. Tate instituted this suit against Bun Johnson, Mrs. Lizzie Baumgaertner, a feme sole, and I. F. Matsinger, in statutory form of trespass to try title, seeking to recover possession of and title to 160 acres of land, a part of the Atroff Survey in Wise County, Texas. The land is described by metes and bounds in the pleadings.

Plaintiff's petition was filed on November 11, 1938, in which it is alleged that on February 1, 1933, plaintiff was the owner of and in possession of the land in controversy, and that on February 2, 1933, defendant Johnson and E. H. Baumgaertner (the deceased husband of Mrs. Lizzie Baumgaertner, the sole beneficiary under his will) unlawfully entered upon said land and dispossessed plaintiff, and at the time of filing the petition, withheld same from plaintiff. Defendant Matsinger was shown to be a tenant, who claimed some rights in the land. Further allegations were made that defendants had been in possession of the premises for two years next preceding the filing of suit and had received valuable rentals from the use thereof. Prayer was for title and possession, damages, and for general relief.

Defendants' answer consisted of general denial, not guilty and limitation of three, five and ten years. Defendants further answered that in 1932, the State of Texas sued plaintiff and others for taxes accruing for the years from 1926 to 1930, both inclusive, recovered judgment and had the property sold under execution. That defendants purchased the land at sheriff's sale and paid $161 therefor, and that the amount was applied in satisfaction of the judgment for accrued taxes, and that since said date they had paid $50 taxes thereon each year from 1931 to 1938, both inclusive; that all said payments had been made by defendants in good faith, without any notice or knowledge of any defects in the title.

Defendants' prayer was, in effect, that plaintiff take nothing by his suit and that they be discharged with their costs. That if it be determined by the court that plaintiff has any rights in or title to the property, they recover of plaintiff all sums of money so paid by them, for the purposes stated, with interest thereon, that a lien be declared on the property to secure the repayment of same and that the lien be foreclosed to satisfy said amounts.

No jury being requested, trial was had to the court, and when plaintiff closed his testimony, defendant offered no evidence, but moved for judgment. Motion was sustained and judgment entered that plaintiff take nothing by virtue of his action and that defendants go hence with their costs. Plaintiff has appealed from that judgment.

The evidence in the case is made up of stipulations and documents. It was agreed that in 1926, and prior thereto, plaintiff had owned and possessed the lands in controversy. To show common source, plaintiff offered the following documentary evidence:

1. Judgment in the District Court in favor of the State of Texas, against plaintiff Tate, for $208.38, for taxes accruing for the years 1925 to 1930, both inclusive, foreclosing the tax lien on the land in controversy, with order for execution and sale.

2. Order of sale under the above judgment, dated October 8, 1932, returnable November 28, 1932.

3. Officer's return on order of sale, showing that it came to hand on October 8, 1932, and was executed on the same day, by levying on the land in controversy; on October 27, 1932, he advertised that he would sell the property at the Court House door, to the highest bidder, on December 6, 1932; that he did, on that date, sell said land to Bun Johnson and E. H. Baumgaertner, for $161, theirs being the highest and best bid thereat. (We have only attempted to state the parts of the return considered important here.)

4. Sheriff's deed to the above named purchasers, describing the land and reciting the consideration of $161 paid. The deed was dated December 9, 1932.

5. Deed of trust lien, dated March 2, 1925, on the 160 acres of land, executed by E. A. Tate and wife to F. W. Bartlett, Trustee, to secure the payment to J. W. Bartlett of a certain note for $1,400, of even date with the instrument. The note bearing six per cent interest per annum, containing an accelerating maturity clause, and that if the contract should be breached, the holder of the note could "declare the whole amount lawfully collectible hereunder, due and collectible." The record shows that the above note and lien were subsequently assigned, but this is not material.

6. Deed of trust lien, dated March 2, 1925, second and junior to that last above shown, executed by plaintiff and wife to F. W. Bartlett, Trustee, on the land in controversy, to secure the payment to J. W. Bartlett of a note for $317, in instalments, each bearing interest at ten per cent per annum after maturity. The deed of trust recites that the indebtedness secured is a part of the interest on the $1,400 indebtedness, mentioned by us above. This instrument also provides for accelerating maturity of the indebtedness and contains this language: "Provided that not more than

ten per cent interest per annum shall ever be collected on the principal note herein referred to."

7. Declination of the trustee in the above instruments to act, and the appointment by Mrs. J. W. Bartlett of John G. Gose as substitute trustee. That appointment of the substitute trustee was acknowledged before Virginia Phillips in Dallas County, and the certificate of acknowledgment is attacked.

8. Deed by John G. Gose, substitute trustee, to B. L. Bartlett, dated October 5, 1926, covering the 160 acres of land; the instrument recites that the sale was made under and by virtue of the terms of the second Lien Deed of Trust mentioned by us above as the sixth document offered in evidence.

Upon request of plaintiff, the trial court filed findings of fact and conclusions of law; the facts found are indicated by the stipulations and documentary evidence mentioned above by us. The court's conclusions are: "The evidence in this cause being such that the superior title to the property in question does not appear to be vested in plaintiff, I conclude that judgment herein should be rendered for the defendants."

Propositions presented by plaintiff will be disclosed by our discussion of the points raised.

■ It is contended that the court erred in entering judgment against plaintiff on the evidence introduced by plaintiff showing title in another, when the instruments were only offered for the purpose of showing common source. It is unnecessary for us to go into the details of plaintiff's contentions as presented in his brief, for the simple reason that the documents which we have called 5, 6, 7 and 8 could in no way be construed as showing common source of title. They were plaintiff's deed of trust lien, declination of the trustee to serve as such, the appointment of a substitute trustee and a deed by the substitute trustee after default, to a person other than plaintiff, thereby divesting all title out of him.

The pertinent facts in this case, on the point under consideration, are identical with those that were before us in the case of Goode et al. v. Davis, Tex.Civ.App., 135 S. W.2d 285, writ dismissed, correct judgment. We there held that appellants (plaintiff here) had a right to prove the nature of title claimed by appellees (defendants here) in order to establish common source, but said, at page 288 of 135 S.W.2d: "They did not stop at this; they proved by a series of instruments which, if valid, placed title in appellees and divested themselves of the title." While in this case plaintiff did not trace the title into defendants, but he did, by his evidence, show that title had been divested out of himself.

■ Plaintiff relies upon Article 7382, R. C.S., which in effect provides that evidence introduced by plaintiff to show common source cannot be considered as evidence of a title in defendant unless offered by him, yet in Hovel v. Kaufman, Tex.Com.App., 280 S.W. 185, at page 188, it was said: "But this statutory provision in no wise precludes a consideration of such evidence for the purpose of determining if the plaintiff has discharged the burden of proving that he really has title to the land as he claims to have."

■ It is a well settled rule of law in this State that in trespass to try title, plaintiff must recover, if at all, upon the strength of his own title. The burden is upon him to prove a prima facie right of title and possession; if he fails to discharge that burden he cannot recover, and where defendant is shown to be in possession, as in this case, judgment will be entered for the defendant. These principles are announced in 41 Tex.Jur., sect. 33, pages 497-499, where it is said: "The plaintiff's right to recover depends upon the strength of his own title, and not upon the weakness of the title of his opponent. * * * Although the defendant may have specially pleaded a title which he has failed to establish, the plaintiff is not entitled to recover unless his own title is affirmatively disclosed. * * * It follows that the defendant is entitled to judgment if the established facts fail to show prima facie title in the plaintiff. * * * In such a suit (trespass to try title) the plaintiff alleges the land to be in the possession of the defendant, and if the plaintiff does not establish his title by a preponderance of the evidence the defendant is entitled to a judgment decreeing the right of title and possession to be in him." In the same text, at page 492, sect. 30, it is said: "Possession of the premises by the defendant (as alleged by plaintiff in this case) is deemed to give him a 'right against the plaintiff' until the latter has shown title to the land."

Under another proposition, it is urged by plaintiff that because of defendants' answer, wherein they plead that they had purchased the land at sheriff's sale, growing out of a judgment in a tax suit, and paid the amount claimed by them, which was applied to the judgment for taxes, and had subsequently paid $50 each year for taxes, and prayed that if title be awarded to plaintiff then for judgment against plaintiff and a lien on the land for reimbursement, constituted a plea of a special title in them. It is further urged that having thus specially plead their title, defendants would be required to make proof of that title before they could recover. In the first place, the allegations did not constitute a plea of special title in defendants, depriving them of relying upon their plea of not guilty. It was more in the nature of an alternative plea for equitable relief if title should be awarded to plaintiff. There was no prayer by defendants for recovery of title on the strength of that or any other plea made by them. In the next place, if for any reason it could be construed as a plea of a special title, which they failed to prove, such as it was, plaintiff proved it by the introduction of the documents numbered by us above as 1, 2 and 3. However, no title passed under the sheriff's deed, referred to, because the sale shows to have been made after the return day of the execution or order of sale. See Goode v. Davis, Tex.Civ.App., 135 S.W.2d 285, supra, and authorities there cited. Moreover, the contention made by plaintiff, that defendants having specially plead a title in them and having failed to prove it entitled plaintiff to recover, is not sound. In De Roach v. Clardy, 52 Tex.Civ.App., 233, 113 S.W. 22, writ refused, it was held that plaintiff, in trespass to try title, cannot recover if he fails to make out his title, even though defendant pleads a special title which he fails to prove.

By another assignment, plaintiff attacks the court's conclusion that title was shown to be in another and not in plaintiff; it is contended that this conclusion could only be reached by giving validity to the second deed of trust lien, the assignment thereof, the subsequent appointment of a substitute trustee by the owner of the indebtedness, and the deed executed by the substitute trustee when the land was sold by him.

The appointment of John G. Gose as substitute trustee is attacked because, since it was an instrument of writing concerning land, it was necessary that it be acknowledged before some officer authorized to administer oaths and recorded in the county clerk's office in records kept there for that purpose. Article 6626, R. C.S.

The instrument was signed by Mrs. J. W. Bartlett, the admitted owner of the debt and lien. The acknowledgment of which complaint is made by plaintiff, and introduced in evidence by him, reads: "The State of Texas, County of Dallas. Before me, the undersigned authority, on this day personally appeared Mrs. J. W. Bartlett," and continues in the language provided by the Statute (Article 6607, R.C.S.) and concludes: "Given under my hand and seal of office this 10th day of September, 1926." (Signed) "Virginia Phillips". The instrument is shown to have had the seal imprinted thereon. It was admitted to record by the county clerk of Wise County, and recorded in Vol. 111, page 579, of the Deed Records of that county. Under Article 5960, R.C. S., each notary public shall provide himself with a seal bearing a five point star, around which shall be words showing him to be a notary public in the named county and state, and that he shall authenticate his official acts by an imprint of his seal thereon. The record in this case does not affirmatively show what was on the seal impressed upon the instrument, by the officer who purported to take Mrs. Bartlett's acknowledgement.

The instrument was duly recorded by the clerk. The presumption of law prevails that the clerk did his duty in ascertaining that the instrument was duly and legally acknowledged before it was recorded. 36 Tex.Jur., sect. 30, page 440. If the certificate, standing alone, was insufficient to show that the officer was authorized to take an acknowledgment to a deed, it nevertheless will suffice if, when read in connection with the caption and seal attached, it appears that the officer was such one as was authorized by law to authenticate the execution of the instrument. Broussard v. Dull, 3 Tex. Civ.App. 59, 21 S.W. 937. In Caudle v. Williams, Tex.Civ.App., 51 S.W. 560, 562, it was held that at the time the original instrument was presented to the clerk for record, it was his duty to see that the instrument was attested by the proper seal. The clerk in that case, as was done

in the instant case, did receive and record the instrument, and the court, speaking through Chief Justice Conner, said: "We must presume that it [the instrument in controversy] was so attested, and that the officer so executing it was authorized to so do." The opinion from which we have last quoted cites cases by our Supreme Court, to which we also refer. We see no merit in the contention made by plaintiff on this point.

By other assignments and propositions, the validity of the deed by the substitute trustee is attacked, upon the ground that the deed of trust lien (shown above to be item 6 in plaintiff's evidence) was given to secure usurious interest on the principal note referred to therein, and was therefore void and unenforceable. We had before us instruments containing the identical language complained of here, in Goode v. Davis, Tex.Civ.App., 135 S.W. 2d 285, writ dismissed, correct judgment, and we held against plaintiff's contention. No good could be accomplished by repeating here what we said in that case. We refer to it as authority for overruling the assignments and propositions presented on the point in this case.

The trial court correctly held that the evidence in this case disclosed that the title to the land in controversy was not vested in plaintiff, and therefore he could not recover. No error is presented in any of plaintiff's assignments of error and they are overruled. The judgment entered should be affirmed. It is so ordered.